IN THE UNITED STATES DISTRICT COURT OF KANSAS

| | | |
|---|---|---|
| **GARREN L. LOVELACE** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.** |
| | ) | |
| **BUFFALO WILD WINGS,** | ) | |
| | ) | |
| **And** | ) | |
| | ) | |
| **INSPIRE BRANDS,** | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S COMPLAINT

COMES NOW, Plaintiff, GARREN L. LOVELACE ("Plaintiff or Lovelace") by and through counsel, and for his cause of action against BUFFALO WILD WINGS and INSPIRE BRANDS (collectively "BWW or Defendant") on claims of discrimination. Plaintiff seeks compensatory and punitive damages against Defendants states as follows:

### NATURE OF THE ACTION AND SUMMARY OF ALLEGATIONS

1.     Plaintiff brings this action against Defendant for discriminatory, retaliatory, and other unlawful conduct in employment pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.*, 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended ("§1981") 42 U.S.C. 2000e *et seq.*, the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA"); the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 *et seq.* ("ADEA"); and violation of Kansas common law as result of Defendants: a) unlawful denial of Mr. Lovelace's employment opportunities based on his race, age, and disability; b) retaliation for reporting wrongful conduct; and c) engaging in other related lawful acts, conduct, and practices. Mr. Lovelace also brings claims for retaliatory discharge.

2.      The acts, conduct, and practices which form the basis for this action have resulted in Defendant discriminating against Mr. Lovelace on the basis of his race, age and disability with respect to the terms, conditions, and privileges of his employment, and, the procedure or manner in which Defendant have evaluated Mr. Lovelace's qualifications for continued employment opportunities has resulted in prohibited race, age and disability discrimination as well as retaliation.  Mr. Lovelace was also subjected to a racially hostile work environment and disparate treatment.

3.      The related acts, conduct, and practices of Defendants are a violation of §1981, Title VII, ADA, ADEA and Kansas common law.

4.      The unlawful conduct of Defendant, which deprived Mr. Lovelace of his employment and directly resulted in the significant loss of financial compensation and other benefits which he would. have earned and been entitled to but for the discrimination and retaliation alleged in this complaint.

5.      Defendant's decision to terminate Mr. Lovelace's employment was pretext for unlawful discrimination and retaliation.

6.      In violation of §1981, Title VII, ADA, ADEA and Kansas common law, Defendant has repeatedly and continuously discriminated and retaliated against Mr. Lovelace for engaging in protected activity, such as but not limited to, his reporting discriminatory conduct as well as noncompliant conditions of the facility.

7.      Defendants actions also are in violation of Kansas common law prohibiting discharge or discrimination against any employee.

**Parties, Jurisdiction and Venue**

8.      GARREN LOVELACE ("Mr. Lovelace or Plaintiff") resides at 8530 W. 108th Place, Overland Park, Johnson County, Kansas. He is an African American who is 55 years of age.

9.      Mr. Lovelace was employed at BUFFALO WILD WINGS located at 7030 W. 105th Street, Overland Park, Johnson County, Kansas, a division or subsidiary of Inspire Brands, is a global company with restaurants worldwide whose headquarters are located in Sandy Springs, Georgia (collectively BWW). Therefore, Defendant has sufficient contacts with this state for the Court to exercise personal jurisdiction in this matter.

10.     At all times during Plaintiff's employment with BWW, they were an "employer" as defined by § 1981, Title VII, ADA, and the ADEA, specifically 42 U.S.C. § 2000e, 29 U.S.C. § 630(b), because BWW was engaged in an industry affecting commerce and had twenty or more employees for each working day in at least twenty or more calendar weeks in every year of Plaintiff's employment with BWW.

11.     At all times during Plaintiff's employment with BWW, they were an "employer" as defined by the KAAD, specifically K.S.A. § 44-1112(d), because BWW employed four or more persons in Kansas at all times during Plaintiff's employment.

12.     At all times during Plaintiff's employment with BWW, BWW was Plaintiff's employer for purposes of the common law of Kansas, and federal law because it controlled all aspects of his employment with BWW.

13.     BWW treated Plaintiff as an employee as it related to taxes, unemployment, workers' compensation, and compensation.

14.     This Court has jurisdiction over the claims set out in this complaint under 28 U.S.C. §1331 because Plaintiff's claims arise under federal law.

15.     This Court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's Kansas law claims because such claims form part of the same case or controversy under Article III of the United States Constitution in that Plaintiff's federal and state law claims derive from a common nucleus of operative facts and they would ordinarily be expected to be tried in one judicial proceeding.

16.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

17.     BWW is subject to personal jurisdiction in Kansas because BWW's conducts substantial and ongoing business in Kansas, and, as alleged herein, committed unlawful discriminatory acts and tortious conduct in Kansas.

18.     Mr. Lovelace seeks recovery in excess of $75,000.00 for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees.

19.     Plaintiff filed a charge of discrimination against BWW with the Equal Employment Opportunity Commission ("EEOC") on May 9, 2018 regarding claims of race, age and disability discrimination as well as retaliation and other unlawful acts, conduct, and practices set forth within those charges and arising out of and related to that therein are included with this Complaint.

20.     Plaintiff received a Notice of Right to Sue from the EEOC with respect to said charge on February 21, 2019; this action is brought within 90 days of the issuance of said Notice of Right to Sue. (A copy of the right to sue letter is attached as Exhibit A).

21.     Plaintiff has exhausted all his administrative remedies with the EEOC.

22.     Plaintiff has fully complied with any and all prerequisites to jurisdiction in this Court under Section §1981, Title VII, the ADA, the ADEA, and related law.

## FACTUAL ALLEGATIONS

23.    Mr. Lovelace was employed with BWW for approximately 12 years as a cook and trainer on the kitchen staff.

24.    Mr. Lovelace had a good employment record with Defendant prior to the incidents that gave rise to this action and had participated in many restaurant openings for BWW.

25.    During his employment at BWW, Mr. Lovelace worked under approximately six (6) general managers ("GMs").

26.    Sometime around the end of 2016 or early 2017, Mr. Lovelace started working under his newest general manager, Pat Robben ("Robben").

27.    Under a previous GM, Mr. Lovelace had witnessed that GM sexually harass and assault a female employee and reported his conduct.

28.    Upon information and belief, Mr. Lovelace also believes he witnessed management allow underage drinking and provide false employment records for with employees.

29.    An Assistant GM ("AGM") introduced Mr. Lovelace to a new employee as "the angry black man."

30.    After Mr. Lovelace reported this incident, he reasonably believes no action was taken against the AGM.

31.    Under Robben, numerous racial comments were made but would be dismissed as jokes despite Mr. Lovelace's repeated complaints about the inappropriateness of such remarks.

32.    Mr. Lovelace also witnessed management making derogatory comments about African American customers and permit servers to refuse to serve African American employees or provide them with subpar service.

33.

34.     Mr. Lovelace was arbitrarily denied salary increases and promotional opportunities despite numerous attempts to seek more favorable positions with the company.

35.     Mr. Robben was also angry about the hourly wage Mr. Lovelace was being paid due to his time and experience with BWW and made numerous derogatory statements about Mr. Lovelace being overpaid.

36.     Mr. Robben on various occasions would also talk about Mr. Lovelace being "old" because it allegedly took him longer to perform certain tasks.

37.     However, Mr. Lovelace would report that younger employees were not properly rotating products which could lead to defective perishable goods and health concerns.

38.     Mr. Robben would also get angry and complain when Mr. Lovelace requested accommodations for extra breaks from working in the freezer because it triggered his asthma.

39.     Upon information and belief, Mr. Lovelace was also arbitrarily assigned menial tasks such as bundling trash and doing floors despite his status as a senior cook and trainer.

40.     Management also tried to force Mr. Lovelace to work less favorable shifts such as nights despite his seniority.

41.     In 2017, Mr. Lovelace was targeted for various attendance related matters because there were no other alleged policy violations that could be linked to his employment.

42.     In 2017, Mr. Lovelace began serving as a caretaker for a relative and received disciplinary action for being tardy due to family medical emergencies despite the fact that he repeatedly followed the stated attendance policy.

43.     However, upon information and belief, other younger and non-African American employees who engaged in similar conduct or behavior did not receive any disciplinary action.

44. Mr. Lovelace was repeatedly told by management that he should have called in sick and not showed up for his shift at all opposed to giving notice that he would be arriving late as directed in the employee handbook.

45. Upon information and belief, Mr. Lovelace reported his concerns to management.

46. Mr. Lovelace became fearful and was often stressed due to the tension he faced on the job during his shifts over the last year of his employment with Defendant.

47. Mr. Lovelace advised management that he believed that he was being singled out and that he believed that he was being treated differently than similarly situated employees.

48. Mr. Lovelace continued to report discrimination, retaliation and hostile working conditions but his efforts were futile.

49. On or about October 3, 2017, Mr. Lovelace was terminated after he arrived late for his scheduled shift.

### <u>COUNT I-</u>
### Prohibited Discrimination (in Violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended ("§1981") 42 U.S.C. 2000e *et seq.*)

COMES NOW, the Plaintiff, and for Count I, of his cause of action for discrimination states:

50. Plaintiff hereby restates and incorporates by reference, every other paragraph set forth in this Complaint as if fully set forth herein.

51. BWW subjected Mr. Lovelace to harassment and discrimination including terminating his employment because of Mr. Lovelace' race, African-American.

52. There is a direct causal connection between Mr. Lovelace's race and the adverse employment action.

WHEREFORE, Plaintiff prays for the Court to find that Defendants have violated 42 U.S.C. 1981 *et seq*. and therefore, Plaintiff is entitled to recovery for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees; and that this Court makes such other orders as it may deem just and proper in the circumstances.

## COUNT II-
### Prohibited Discrimination (in Violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as Amended, 29 U.S.C. 621 et seq.)

COMES NOW, the Plaintiff, and for Count II. of his cause of action for discrimination pursuant to 29 U.S.C. §§ 621 *et seq*. ("ADEA") states:

53.     Plaintiff hereby restates and incorporates by reference, repeats and re-alleges each and every allegation contained herein every other paragraph of this complaint as if fully set forth herein this Paragraph.

54.     Plaintiff was 52-years old at the time he was terminated by Defendant.

55.     Plaintiff was terminated by Defendant because of his age.

56.     Defendant violated the ADEA by terminating Plaintiff because of his age.

WHEREFORE, Plaintiff prays for the Court to find that Defendant has violated 29 U.S.C. 621 *et seq*. and therefore, Plaintiff is entitled to recovery for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees; and that this Court makes such other orders as it may deem just and proper in the circumstances.

## COUNT III-
### Prohibited Discrimination (in Violation of the Americans with Disabilities Act of 1990 ("ADA"), as Amended, 42 U.S.C. 12101 et seq.)

COMES NOW, the Petitioner, and for Count III of her cause of action for discrimination pursuant to 42 U.S.C. 12101 et seq. states:

57.     Plaintiff hereby restates and incorporates by reference, repeats and re-alleges each and every allegation contained herein every other paragraph of this complaint as if fully set forth herein this Paragraph.

58.     Mr. Lovelace is a disabled person as defined by the ADA.

59.     Mrs. Lovelace is and was qualified, with or without reasonable accommodation, to perform the essential functions of his job title when she was employed by BWW.

60.     The ADA imposes on employers an absolute duty to determine whether or not they can accommodate an employee's disability. Absent that consideration, the law has been violated.

61.     Moreover, after engaging in the required interactive process, the employer can only deny a request: 1) if it imposes an undue hardship; or 2) if the employee cannot perform the essential functions of the job with or without the accommodation. BWW has not demonstrated nor made an effort to prove that either of these is reasons is why they chose to terminate Mr. Lovelace's employment.

62.     The ADA does not permit an employer to refuse to consider an employee's disability or to provide an accommodation for such simply because the employee performs the essential functions of the job at issue without an accommodation.

63.     BWW discriminated against Mr. Lovelace because of his disability.

64.     As a result of the unlawful acts and conduct of Defendant, as described in part herein, Plaintiff has suffered pecuniary and non-pecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees, (the exact amount of which will be determined at trial).

WHEREFORE, Plaintiff prays for the Court to find that Defendant has violated 42 U.S.C. 12101 *et seq.* and therefore, Plaintiff is entitled to recovery for pecuniary and nonpecuniary

damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees; and that this Court makes such other orders as it may deem just and proper in the circumstances.

### COUNT IV-
### Prohibited Retaliation (in Violation of 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended ("§1981") 42 U.S.C. 2000e *et seq.*)

COMES NOW, the Plaintiff, and for Count IV of his cause of action for Retaliation pursuant to 42 U.S.C. 1981 as amended ("§1981") 42 U.S.C. 2000e *et seq.*) states:

65.     Plaintiff hereby restates and incorporates by reference, every other paragraph set forth in this Complaint as if fully set forth herein.

66.     Mr. Lovelace engaged in protected activity by reporting discrimination and other issues within the restaurant.

67.     Plaintiff raised a complaint of race, age and disability discrimination and other unlawful conduct with Defendant.

68.     Defendant retaliated against Plaintiff by ignoring his complaints of discrimination and finalizing and/or ratifying the termination of his employment.

69.     Plaintiff's protected activity in opposing discrimination was a motivating factor in Defendant's retaliation.

70.     Defendant then opposed Plaintiff's request for employment benefits as a further act of retaliation.

71.     Mr. Lovelace has suffered an adverse employment action as a consequence of his engaging in protected activity.

72.     There is a direct causal connection between Mr. Lovelace' protected activity and the adverse employment action.

WHEREFORE, Plaintiff prays for the Court to find that Defendants have violated 42 U.S.C. 1981, Title VII, as amended 42 U.S.C. 2000e *et seq.*, in violation of ADA, 42 U.S.C. 12101 *et seq.*, and in violation of ADEA 29 U.S.C. §§ 621 *et seq.* and therefore, Plaintiff is entitled to recovery for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees; and that this Court makes such other orders as it may deem just and proper in the circumstances.

## COUNT V-
### Retaliatory Discharge in violation of Kansas common law

COMES NOW, the Plaintiff, and for Count V, of his cause of action for retaliatory discharge states:

73.   Plaintiff hereby restates and incorporates by reference, every other paragraph set forth in this Complaint as if fully set forth herein.

74.   Plaintiff engaged in protected activity by reporting safety issues and other workplace concerns to corporate management outside the facility.

75.   Plaintiff reasonably believed that BWW was engaging in workplace safety violations that created increased danger for him, his co-workers and customers at BWW.  A reasonable person would have concluded the same under the circumstances.  Plaintiff acted in good faith when he reported the safety and other violations to corporate management and the Ethics Office.

76.   Plaintiff's conduct constituted protected activity because the public policy of Kansas, as reflected by its statutes, states:

> The secretary of labor shall have power to enter any factory or mill, workshop, private works, public works or state agency or institution, mercantile establishment, laundry or any other place of business where labor is or is intended to be performed for any purpose, when the same are open or in operation, for the purpose of gathering facts and statistics such as are contemplated by this act, and

to examine into the methods of protection from danger to employees and the sanitary conditions in and around such buildings and places and to keep a record thereof of such inspection.

If it shall be found upon such investigation that the methods of operation are such as to be unnecessarily dangerous or injurious to the persons employed or residing therein, or that any other condition which is within the control of the owner, proprietor, agent, administrator or lessee of any such building, establishment or place to be found to be dangerous or injurious to any persons employed therein or to any other person or persons, the secretary or the authorized agent of the secretary after making such inspection shall notify in writing the owner, proprietor, agent, administrator or lessee of such building, establishment, or place. Such notification may also include an order that requires the provisions of such safeguards or safety devices or the making of such alterations or additions or changes in methods of operation or the taking of any other measures the secretary may deem appropriate and necessary for the safety and protection of the employees or other persons endangered by such conditions and the amount of time granted by the secretary for making any such alterations, additions, changes or taking such other methods as required. Such amount of time shall not exceed 60 days after service of the notice and the order unless an extension thereof is requested for good cause shown by the person named in the order, and such extension is granted by the secretary. K.S.A. § 44-636(a).

  a. A reasonable person would conclude the conduct of Plaintiff reporting violations (or what he perceives as violations) of K.S.A. § 44-615 falls within his rights under Kansas law.

  b. By regulating safety and protection of employees in the workplace under K.S.A. § 44-636(a), it is reasonable to believe that this statute is designed to protect the health welfare, and safety of the general population in Kansas.

77.    Kansas law also prohibits discharge or discrimination based on reporting such issues and states that is it unlawful for:

any person, firm or corporation to discharge any employee or to discriminate in any way against any employee because of the fact that any such employee may testify as a witness before the secretary of labor, or shall sign any complaint or shall be in any way instrumental in bringing to the attention of the secretary of labor any matter of controversy between employers and employees as provided herein. K.S.A. § 44-615.

78.    Plaintiff's act of reporting safety and other workplace issues caused or motivated BWW to terminate his employment.

79.     The termination of his employment caused Plaintiff to suffer damages including emotional distress, frustration, humiliation, past and future lost wages, and lost benefits.

80.     BWW acted intentionally, maliciously, willfully, or with a reckless disregard for Plaintiff's rights and the rights of others in firing Plaintiff, making BWW liable for punitive damages.

81.     The actions and conduct set forth herein were outrageous and showed evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and others, and therefore Plaintiff is entitled to punitive damages from Defendants, to punish Defendants and to deter Defendants and others from similar conduct.

WHEREFORE, Plaintiff requests a judgment in his favor against BWW on Count V of his Complaint, which shall include compensatory and punitive damages, pre-judgment and post judgment interest as provided by law, costs expended, and other relief as this Court deems just, proper and equitable.

## <u>COUNT VI</u>
**Racially Hostile Work Environment (in Violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended 42 U.S.C. 2000e *et seq.*) and 42 U.S.C. §1981**

COMES NOW Plaintiff and for Count VI of his Complaint, his cause of action for prohibited Race Discrimination and Harassment (in Violation of 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended ("§1981") 42 U.S.C. 2000e *et seq.*) against Defendants alleges and states as follows:

82.     Plaintiff hereby restates and incorporates by reference, every other paragraph set forth in this Complaint as if fully set forth herein.

83.     During the course and scope of Plaintiff's employment, Defendants' representatives acting within the course and scope of their employment, engaged in a pattern and

practice of intentional discrimination and harassment of Plaintiff based on his race, in violation of 42 U.S.C. §1981.

84.     The harassment and discrimination had the purpose and effect of unreasonably interfering with Plaintiff's work performance thereby creating an intimidating, hostile and offensive working environment.

85.     The actions and conduct of Defendants' representatives acting within the course and scope of employment created an intimidating, hostile and offensive working environment and thereby detrimentally affected Plaintiff.

86.     The conduct as described herein would have offended a reasonable person of the same race in Plaintiff's position.

87.     Management level employees knew or should have known of the racial discrimination and harassment described herein but failed to take appropriate action to address the discrimination and further failed to implement effective and appropriate procedures to stop and remedy the racial discrimination and harassment.

88.     By failing to conduct a prompt investigation of Plaintiff's allegations of race discrimination, Defendant exacerbated the discriminatory and hostile work environment to which Plaintiff was subjected.

89.     Plaintiff reasonably believes that evidence will show that the working conditions he was subjected to were sufficiently severe or pervasive under the law and that such conditions altered his job conditions.

90.     Defendant through its agents and employees engaged in these discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights.

91.     The actions and conduct set forth herein were outrageous and showed evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and others, and therefore Plaintiff is entitled to punitive damages from Defendant, to punish Defendant and to deter Defendant and others from like conduct.

92.     As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has suffered and will continue to suffer damages, including lost wages and emotional distress.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count VI of his Complaint, for a finding that he has been subjected to unlawful discrimination and harassment provided by 42 U.S.C. §1981 as amended ("§1981") 42 U.S.C. 2000e *et seq.*) for an award of compensatory and punitive damages; equitable relief; for his costs expended; for his reasonable attorneys' fees and expert fees; and for such other relief as this Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment as follows:

i)      Defendant is ordered to make Plaintiff whole by providing appropriate back and front pay and benefits, with prejudgment interest, in amounts to be proved at trial;

ii)     Plaintiff is awarded extraordinary and/or equitable relief as permitted by law, equity and any and all applicable statutory provisions related hereto;

iii)    Plaintiff is awarded all compensatory, restitutionary, and/or remedial relief;

iv)     Plaintiff is awarded pre-judgment interest and post-judgment interest, as well as his reasonable attorneys' fees, expert witness fees and other costs; as determined by the Court and,

v)      Plaintiff is awarded punitives and such other legal and equitable relief as the Court deems appropriate and just.

## JURY DEMAND

Plaintiff, Mr. Lovelace requests a trial by jury on issues triable by jury.

RESPECTFULLY SUBMITTED,

/s/ *Gerald Gray II*
Gerald Gray II, #26749
**G. GRAY LAW, LLC**
104 WEST 9TH STREET, SUITE 401
KANSAS CITY, MO 64105
(O) 816-888-3145
(F) 816-817-4683
ggraylaw@outlook.com

**ATTORNEYS FOR PLAINTIFF**